| | | |
|---|---|---|
| ASHTON PHILIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:26-CV-146-TAV-JEM |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ashton Philip, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently incarcerated at the Bledsoe County Correctional Complex ("BCCX"), filed a (1) pro se civil rights complaint under 42 U.S.C. § 1983 [Doc. 2], (2) motion for leave to proceed *in forma pauperis* [Doc. 1], (3) motion for a court order requiring BCCX Warden Brett Cobble to provide Plaintiff with trust account information [Doc. 3], and (4) motion for a preliminary discovery order [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1]; permit his First Amendment mail-interference claim to **PROCEED** against Defendants TextBehind, Inc. ("TextBehind"), Brian Lovitt, and Aaron Hunley; **DISMISS** all remaining claims and Defendants; and **DENY AS MOOT** Plaintiff's motion for trust account information [Doc. 3] and motion for a preliminary discovery order [Doc. 4].

## I. FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] and accompanying

documents [Doc. 7] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**. And because Plaintiff has now submitted the necessary documents to proceed as a pauper, his motion for a court order to obtain the information [Doc. 3] will be **DENIED** as moot.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

## II.      COMPLAINT SCREENING

### A.      Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs

2

dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B.     Plaintiff's Allegations

TextBehind has a contract with TDOC to digitize incoming, non-legal inmate mail [Doc. 2, p. 12]. TextBehind scans inmate mail, and it is then made available to inmates for viewing via an electronic tablet [*Id.* at 13].

*Claim One*. On December 2, 2025, Plaintiff received a notification from TextBehind that his mail—"a religious magazine from the United Church of God"—was being rejected for scanning because it was bound with staples [*Id.* at 14]. But staples are not prohibited by TDOC's mail policy, and TextBehind's refusal to scan the magazine violated Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.*]. Plaintiff filed a grievance about the matter on December 5, 2025, maintaining that the magazine should have been provided to him at BCCX

in accordance with TDOC Policy 507.02, instead of being forwarded to TextBehind for scanning [*Id.* at 15]. Ray Worthington refused to process Plaintiff's grievance, however, and returned it to Plaintiff with a notation that he was complaining about matters inappropriate to the grievance process and involving the decisions of an outside agency [*Id.*]. Therefore, Worthington's actions violated Plaintiff's First and Fourteenth Amendment rights [*Id.* at 16].

But Plaintiff's grievance conformed to the requirements of TDOC's grievance policy and sought redress for the actions of TDOC employees—Brian Lovitt and Aaron Hunley [*Id.* at 15–16]. Pursuant to TDOC policy 507.02, Plaintiff should have received his religious magazine at BCCX [*Id.* at 18]. Instead, mailroom employees Lovitt and Hunley seized his mail and forwarded it to TextBehind, where it was destroyed [*Id.*]. This violated Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.* at 18–19].

Plaintiff appealed Worthington's response to BCCX Warden Brett Cobble [*Id.* at 16]. Warden Cobble had the responsibility to "correct the improper forwarding of Plaintiff[']s religious magazine to TextBehind, Inc., as the mail addressed to [P]laintiff conformed to" TDOC's mail policy "and should have been received by Plaintiff at BCCX" [*Id.* at 17]. But Warden Cobble failed to investigate Plaintiff's claims and "rubber stamped" Worthington's actions, which violated Plaintiff's First and Fourteenth Amendment rights [*Id.* at 16–17]. Plaintiff appealed Warden Cobble's decision to the TDOC Commissioner [*Id.* at 17].

Linda Thomas and Benjamin Bean, both Assistant Commissioners of Prisons, "performed no meaningful investigation of Plaintiff's claims" and agreed with Warden Cobble [*Id.* at 9, 17]. Their refusal to enforce TDOC policy violated Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.* at 18].

Due to TDOC Commissioner Frank Strada's negligent failure to ensure TextBehind's contract with TDOC is congruent with TDOC policies, disputes between inmates and TextBehind have not been satisfactorily resolved [*Id.* at 10, 19]. Plaintiff sought a declaratory order from TDOC's General Counsel on December 22, 2026, but counsel "concealed the petition from Commissioner Strada and refused to issue [an] order or even acknowledge to Plaintiff that [the] petition was received[,]" which violated Plaintiff's First and Fourteenth Amendment rights [*Id*. at 20].

***Claim Two.*** On December 4, 2025,[1] Plaintiff received a scanned "news periodical" from Yardbird, Inc., that was not scanned in color, was of "inferior resolution[,]" was missing 22 pages, and was not scanned in sequential order [*Id.* at 20, 21]. By failing to completely scan this mail, destroying it, and then failing to provide Plaintiff a remedy, TextBehind violated Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.* at 20–21]. Again, Lovitt and Hunley "improperly forwarded" this mail to TextBehind in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.* at 21]. Plaintiff grieved the matter on December 8, 2025, but Worthington found the grievance inappropriate due to Plaintiff's prior grievance on the same issue, thereby depriving Plaintiff of his opportunity to be heard as to each discrete instance of mail denial or destruction [*Id.* at 21, 22]. On appeal, Warden Cobble concurred with Worthington [*Id.* at 22]. Plaintiff then appealed Warden Cobble's response to the Commissioner [*Id.* at 23].

A few days later, Worthington directed Lovitt to respond to Plaintiff's grievance within five days [*Id.* at 23]. On January 14, 2026, "Defendant Hunley submitted a TDOC Response

---

[1] Plaintiff maintains this event occurred in 2024, but it is apparent from the totality of Plaintiff's allegations that Plaintiff made a scrivener's error, and that the events alleged occurred in 2025.

of Supervisor of Grieved Employee or Department [F]orm CR-3148" that stated that Plaintiff's "news magazine" was forwarded to TextBehind because there were no markings on the envelope indicating that a magazine or newspaper was enclosed [*Id.* at 23]. But TDOC policy does not require such markings, and Hunley's response therefore violated Plaintiff's Fourteenth Amendment rights [*Id.* at 23–24]. On January 21, 2026, Thomas and Bean summarily concurred with Hunley's response, thereby violating Plaintiff's First, Fourth, and Fourteenth Amendment rights [*Id.* at 24].

Commissioner Strada was negligent in failing to ensure his subordinates execute TDOC policy appropriately and that any contracts are updated to comply with TDOC's policy index [*Id.* at 24–25]. This "negligence and der[e]lection of duty" violated Plaintiff's First, Fourth, and Fourteenth Amendment rights" [*Id.* at 25].

On January 28, 2026, Plaintiff sought a declaratory order with TDOC's General Counsel, but General Counsel "concealed the filing of [the] petition" and "refused to issue [an] order or even knowledge the receipt of Plaintiff's petition" in violation of Plaintiff's First and Fourteenth Amendment rights [*Id.*].

***Claim Three***. On March 2, 2026, Plaintiff submitted a request to BCCX's mailroom supervisor, seeking to receive hard copies of the scanned mail he received on December 2, 4, and 10, 2026, to support the allegations in this action [*Id.* at 26]. In all, Plaintiff requested 17 pages and included an inmate withdrawal request for $2.25 to pay for the copies [*Id.*]. But TDOC never responded to Plaintiff's request [*Id.*]. Plaintiff pleads futility for the purposes of administrative exhaustion regarding this claim [*Id.* at 27].

***Claim Four***. On February 10, 2026, Plaintiff received notification from TextBehind that his magazine from People for the Ethical Treatment of Animals ("PETA") was refused for

6

scanning because it was bound with staples [*Id.*]. Plaintiff maintains that BCCX improperly forwarded this mail to TextBehind for scanning, and that this evidences Defendants' refusal to abide by TDOC policies or respect Plaintiff's rights [*Id.* at 27–28].

Aggrieved, Plaintiff filed this action against TDOC, Ray Worthington, Brian Lovitt, Aaron Hunley, Brett Cobble, Linda Thomas, Benjamin Bean, Frank Strada, TDOC General Counsel, Jonathan Skrmetti, and TextBehind, seeking monetary and declaratory relief [*Id.* at 29–30].

### C.      Analysis

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

#### 1.      Defendants Worthington, Cobble, Thomas, and Bean

All the claims asserted against Defendants Worthington, Cobble, Thomas, and Bean revolve around their alleged failure to appropriately process, respond to, and/or investigate Plaintiff's grievances. But inmates have no constitutional right to an effective grievance procedure. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding jail staff's disregard of grievances did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure" (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996))); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures.").

Moreover, supervisors cannot otherwise be held liable for failing to appropriately investigate an inmate's accusations or provide a remedy to complaints, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Accordingly, Plaintiff's allegations against Defendants Worthington, Cobble, Thomas, and Bean fail to state a claim, and these Defendants will be **DISMISSED**.

### 2. Defendant Frank Strada

Relatedly, Plaintiff claims that Defendant Strada has negligently failed to ensure that (1) TDOC's contract with TextBehind comports with TDOC policies and (2) subordinates execute TDOC policies appropriately. But negligence cannot form the basis of a § 1983 claim. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). Moreover, as noted above, § 1983 liability cannot be based on a failure to act. *See, e.g., Shehee*, 199 F.3d at 300. There is no respondeat superior liability in § 1983. *Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

Rather, to hold a supervisory official responsible in a § 1983 action, a plaintiff must plausibly allege "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (internal citation omitted). Plaintiff has not alleged any such facts against Defendant Strada, and therefore, all claims against him will be **DISMISSED**.

### 3.    Defendants TDOC, General Counsel, and Jonathan Skrmetti

Plaintiff sues TDOC and Tennessee Attorney General Jonathan Skrmetti for declaratory relief as to the constitutionality of TDOC's contract with TextBehind [*See* Doc. 2, pp. 5, 11, 29–30]. Plaintiff does not state any desired relief against TDOC General Counsel, claiming only that General Counsel failed to issue a declaratory order and "concealed the filing of Plaintiff[']s declaratory order petitions from TDOC Commissioner Frank Strada" [*Id.* at 10–11]. TDOC General Counsel and Jonathan Skrmetti are sued solely in their official capacities [*Id.* at 11, 12].

TDOC is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). However, Plaintiff cannot sustain a § 1983 action against the State of Tennessee, because "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Also, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Thus, Plaintiff's suit against TDOC is impermissible and will be dismissed.

Similarly, suit against TDOC General Counsel and Attorney General Skrmetti in their official capacities is the equivalent of suit against the State itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). And even though an exception to Eleventh

9

Amendment immunity known as the *Ex Parte Young* doctrine exists when a State official is sued in his official capacity to remedy an ongoing violation of federal law, the exception does not aid Plaintiff here, because his allegations are insufficient to state a plausible claim against Defendants Skrmetti or TDOC General Counsel. *Ex Parte Young*, 209 U.S. 123, 155–56 (1908); *Thiokol*, 987 F.2d at 381 (6th Cir. 1993) (noting the exception permits "actions against state officials sued in their official capacity for prospective injunctive or declaratory relief").

As to TDOC General Counsel's alleged failure to issue a declaratory order and/or conceal Plaintiff's requests for same from Commissioner Strada, Plaintiff has not provided any facts that would support his conclusory allegation that TDOC's General Counsel has concealed Plaintiff's requests from Commissioner Strada. Therefore, Plaintiff has failed to set forth facts rendering the claim plausible. *See, e.g., Twombly*, 550 U.S. at 570. And even if Plaintiff's claim were factually plausible, Plaintiff has not set forth any facts to suggest that he has followed the procedures set forth in the Uniform Administrative Procedures Act ("UAPA") to challenge General Counsel's failure/refusal to enter a declaratory order by seeking a declaratory judgment in the Chancery Court of Davidson County. *See* Tenn. Code Ann. §§ 4-5-223(1)(2), -225(a); *see also Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008) ("[I]n disputes involving a state agency, one must generally exhaust the available administrative remedies before filing a suit for declaratory relief."); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Therefore, this Defendant will be dismissed.

Next, Defendant Skrmetti is named a Defendant "because [P]laintiff is challenging the

10

constitutionality of the contract between TDOC and TextBehind" [Doc. 2, pp. 11–12]. Even assuming Plaintiff has standing to bring such a challenge, he does not point to any factual allegations that would permit the plausible inference that TDOC's contract with TextBehind is unconstitutional. Moreover, to the extent Plaintiff's challenge is in actually one as a third-party beneficiary to the alleged breach of that contract, contract claims are not constitutional in nature. *See Taake v. Cnty. of Monroe*, 530 F.3d 538, 542–43 (7th Cir. 2008).

Accordingly, Plaintiff cannot maintain suit against TDOC, and his allegations against Defendants TDOC General Counsel and Jonathan Skrmetti are insufficient to state a plausible claim under § 1983. These claims and Defendants will be **DISMISSED**.

### 4. Defendants Lovitt, Hunley, and TextBehind

The Court notes that beginning November 3, 2025, TDOC "transition[ed] from physical mail to scanned, digitized personal mail for inmates in all TDOC facilities." Tenn. Dep't of Corr., *Inmate Mail*, https://www.tn.gov/correction/state-prisons/offender-mail.html (last visited Apr. 14, 2026)[2]. This new policy requires all incoming, nonprivileged mail to be sent directly to the scanning facility at a post office box in Phoenix, Maryland. *Id.* In his complaint, Plaintiff implies that this rule does not apply to magazines, however, which may be sent directly to the inmate at the institution where he is housed [*See* Doc. 2, pp. 15, 21, 27]. Therefore, Plaintiff maintains, his mail was improperly seized and forwarded by Defendants Lovitt and Hunley and destroyed by Defendant TextBehind in violation of his First, Fourth,

---

[2] The Court takes judicial notice of the information provided on TDOC's website. *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

11

and Fourteenth Amendment rights. The Court considers these constitutional claims in reverse order.

As the Court understands Plaintiff's complaint, Plaintiff maintains that (1) Defendants' failure to comply with TDOC policies and (2) TextBehind's destruction of his periodicals violate his Fourteenth Amendment right to due process. But TDOC policies are not matters of federal law, and therefore, noncompliance with those policies fails to raise a constitutional issue. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding claims under § 1983 can only be brought for "deprivations of rights secured by the constitution and laws of the United States"); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.").

And as to the alleged destruction of Plaintiff's mail, any potential remedy for Plaintiff would lie in state, not federal, law. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101

12

and § 29-30-201). Accordingly, Plaintiff's Fourteenth Amendment claims will be **DISMISSED**.

Neither can Plaintiff claim a Fourth Amendment violation for the seizure of his mail, because prisoners possess no protected expectation of privacy in their belongings that prevents their seizure. *See Hudson v. Palmer*, 468 U.S. 517, 526, 528 (1984); *see also Hubbard v. Mann*, No. 2:21-CV-55, 2021 WL 2845099, at *8 (W.D. Mich. July 8, 2021) (applying *Hudson* to reject prisoner's allegations of illegal mail confiscation).

This leaves Plaintiff's First Amendment claims, which are two-fold: (1) Defendant Lovitt refused Plaintiff hard copies of the scanned mail he received on three dates in December 2025, which interfered with Plaintiff filing this action, and (2) Defendants Lovitt and Hunley improperly forwarded Plaintiff's mail and TextBehind failed to scan it or did so improperly.

Plaintiff's copy allegations against Defendant Lovitt fail to state a § 1983 claim. Liberally construing Plaintiff's allegations, he is contending that Defendant Lovitt impeded his access to the courts. But Plaintiff was able to file this action. And he has not demonstrated that he was prevented from pursuing a legal claim, or that he lost the ability to pursue some avenue of relief due to Defendant Lovitt's conduct. Therefore, any allegation that Plaintiff was denied access to the courts fails to state a claim upon which relief may be granted. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

This leaves Plaintiff's claims that Defendants Lovitt and Hunley improperly forward Plaintiff's periodicals to TextBehind for scanning, and that TextBehind has failed to properly

13

scan those materials. Prisoners have a First Amendment right to send and receive mail, subject to reasonable limitations for "legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003). A prisoner must "allege routine opening or interference with his mail" to state a constitutional claim. *Barnes v. Daviess Cnty. Gov't*, No. 4:22-CV-P107, 2022 WL 17475783, at *4 (W.D. Ky. Dec. 6, 2022) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). While the Court is skeptical that three instances of mail interference satisfy that standard, the Court cannot at this stage determine that Plaintiff's First Amendment mail-interference allegations against Defendants Lovitt, Hunley, and TextBehind are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Accordingly, the Court will permit this discrete claim to **PROCEED** against Defendant TextBehind[3] and Defendants Lovitt and Hunley in both their individual and official capacities.[4]

## IV. MOTION FOR PRELIMINARY DISCOVERY

Plaintiff asks the Court for a preliminary discovery order to obtain TextBehind's address from TDOC Commissioner Frank Strada [Doc. 4]. Plaintiff maintains such an order is necessary because he is under twenty-four-hour lockdown and has no means of obtaining the information [*Id.*]. Plaintiff's argument is well taken. But the Court finds it unnecessary to enter an order, because Plaintiff has provided sufficient information to relieve him of the

---

[3] The Court presumes for present purposes that TextBehind is a "state actor" subject to suit under § 1983, inasmuch as the State has delegated to it the responsibility for inmate mail services. *See, e.g., West v. Atkins*, 487 U.S. 42, 55–56 (1988) (holding respondent voluntarily assumed state's obligation to provide medical care for inmates by entering into a contract to provide services).

[4] The *Ex Parte Young* exception plausibly permits official-capacity claims against these Defendants solely "for prospective injunctive or declaratory relief." *See Thiokol*, 987 F.2d at 381 (6th Cir. 1993).

14

burden of service.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.").  Therefore, the Court takes judicial notice that TextBehind's mailing address is 3312 Paper Mill Road, Ste 205, Phoenix, MD 21131, and its Resident Agent is Ziauddin A. Rana.  *See Maryland.gov*, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (last visited Apr. 14, 2026).  Thus, Plaintiff's motion for this information [Doc. 4] is **DENIED** as moot.

## V.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and his motion for a court order to obtain his trust account information [Doc. 3] is **DENIED as moot**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.    The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.    Plaintiff's First Amendment mail-interference claims will **PROCEED** against Defendant TextBehind, and against Defendants Lovitt and Hunley in their individual and official capacities;

6.    The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants TextBehind, Lovitt, and Hunley;

7.    Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

8.      At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9.      Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

10.      Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

11.      All other claims and Defendants are **DISMISSED**;

12.      Plaintiff's motion for a preliminary discovery order [Doc. 4] is **DENIED** as moot; and

13.      Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

     IT IS SO ORDERED.

                         s/ Thomas A. Varlan

                         UNITED STATES DISTRICT JUDGE